Submitted on record and briefs October 3, affirmed December 11, 2002

# STATE OF OREGON,
*Respondent,*

*v.*

# CORY ALAN LEWIS,
*Appellant.*

## 99110191C; A112268

59 P3d 1293

Harrison Latto filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, Deits, Chief Judge, and Kistler, Judge.*

KISTLER, J.

---

* Kistler, J., *vice* Warren, S. J.

**KISTLER, J.**

Defendant appeals from a judgment of conviction for second-degree assault, supplying contraband, and being an inmate in possession of a weapon. On appeal, he argues that holding his trial at the Snake River Correctional Institution (SRCI) violated his right to a public trial under Article I, section 11, of the Oregon Constitution. We affirm.

While defendant was an inmate at SRCI, he stabbed another inmate with a "shank" or homemade knife. He was charged with second-degree assault, supplying contraband, and being an inmate in possession of a weapon. The state moved to hold his trial in the courtroom at SRCI. In support of that motion, the state noted that defendant was serving a sentence for two aggravated murders, that he had previously assaulted an inmate, that he was being held in the Intensive Management Unit and was considered a high risk to other inmates and staff, that he was an avowed white supremacist who had threatened harm to persons whose views differed from his, and that he recently had threatened the life of a federal district court judge. Although there was evidence that defendant had "remained calm" during his earlier aggravated murder trial, the trial court agreed that the trial should be held at SRCI because of the security risk that defendant posed.

After considering the evidence, the jury convicted defendant of all the charges. On appeal, defendant raises only one issue. Relying on *State v. Jackson*, 178 Or App 233, 36 P3d 500 (2001), he argues that holding his trial in the courtroom at SRCI denied him a public trial in violation of Article I, section 11, of the Oregon Constitution. In *Jackson*, the public did not have access to the defendant's trial at SRCI. 178 Or App at 235-36. Rather, the public was able to view the proceedings only by means of a live television transmission that was broadcast to a room in the courthouse in Vale. *Id.* That transmission did not permit the public to see everything that happened in the courtroom. *Id.* Here, the public was able to view the trial at SRCI through windows opening onto the courtroom and the audio portion of the trial

was broadcast to them.[1] In *State v. Cavan*, 185 Or App 367, 59 P3d 553 (2002), we held that, with those changes, the courtroom at SRCI provided the defendant in that case with a public trial, and defendant provides no reason to say that the public's access to his trial differed in any material respect from its access to the trial in *Cavan*.

Affirmed.

---

[1] In response to defendant's pretrial objection to holding the trial at SRCI, the trial court ruled:

"Judge Luukinen has outlined several changes that need to be made [to the courtroom at SRCI] to secure the right for the Defendant to have a public trial. The windowed seating area would be used for public viewing as long as there is an appropriate audio system. Adequate advanced notice must be given to the public and that those in attendance should expect to be scanned and searched for weapons and or contraband. With those issues being addressed, the trial can occur at SRCI."

At trial, defendant renewed his public trial objection but did not argue that the changes outlined in the trial court's ruling had not been made. On appeal, defendant does not dispute that the public was able to see and hear what occurred at his trial.